[Civ. No. 18136. Fourth Dist., Div. One. Aug. 1, 1979.]

DONNA M. FARQUAR, Plaintiff and Respondent, v.
BOARD OF EDUCATION OF THE SANTEE SCHOOL DISTRICT,
Defendant and Appellant.

[Civ. No. 18137. Fourth Dist., Div. One. Aug. 1, 1979.]

SANDRA J. BRADSHAW, Plaintiff and Respondent, v.
BOARD OF EDUCATION OF THE SANTEE SCHOOL DISTRICT,
Defendant and Appellant.

Donald L. Clark, County Counsel, Lloyd M. Harmon, Jr., Chief Deputy County Counsel, and Cameron Reeves, Deputy County Counsel, for Defendant and Appellant.

Knutson, Tobin, Meyer & Shannon and John S. Meyer for Plaintiffs and Respondents.

## OPINION

**STANIFORTH, J.**—Plaintiffs Donna M. Farquar and Sandra J. Bradshaw filed separate petitions in the superior court for writ of mandate to compel the Board of Education of the Santee School District (Board) to grant paid sick leave for the periods while each was on a voluntary unpaid maternity leave. The Board filed its answers to the petitions. The

actions were consolidated and after hearing, the court granted writs of mandate commanding the Board to grant paid sick leave to Farquar and Bradshaw. The Board appeals contending that it has no duty to provide a certified employee with paid sick leave benefits for a period of maternity-related disability while such employee is on a *voluntary unpaid leave of absence.*

## FACTS—MRS. BRADSHAW

On January 22, 1976, Mrs. Bradshaw delivered a child by cesarean section and was disabled for 56 days, from January 12, 1976, to April 1, 1976. At that time Mrs. Bradshaw had accumulated sick leave benefits but was unaware of her right to utilize them for a maternity-related disability. The previous October (1975) Mrs. Bradshaw had requested a maternity leave of absence to commence January 12, 1976. She applied for the leave on a district-prepared form which did not provide for requesting paid sick leave benefits during a maternity leave. The form's only box to be checked for "maternity leave" referred to the official leave policy of the Santee School District which expressly stated that maternity leave "shall be without pay." The completed form was submitted to the assistant superintendent of the district who admittedly was unaware of any district teachers who had utilized sick leave benefits for hospitalization due to childbirth during the 1975-1976 school year.

In fact, a year before Mrs. Bradshaw's request for maternity leave—during a previous pregnancy—the assistant superintendent had expressly advised her that sick leave benefits were not applicable to maternity leave. Furthermore, despite January 1, 1976, changes in law, no statement advising district teachers of their right to utilize sick leave benefits for maternity-related disability appeared in any district policy, regulation or form including the Certificated Employee Handbook until January 1977.

Mrs. Bradshaw first learned of such right on or about February 11, 1976. She immediately requested payment of her earned sick leave.

The trial court found that until the time of her request, Mrs. Bradshaw neither knew, nor had reason to know, she was entitled to utilize sick leave benefits for disability resulting from childbirth.

The trial court concluded the district should have advised Mrs. Bradshaw of her right to utilize her earned sick leave benefits for her actual maternity-related disability and that, in any event, she should be

relieved of any consequences of originally failing to request payment of her sick leave benefits.

## FACTS—MRS. FARQUAR

The facts of Mrs. Farquar's case are substantially similar to those of Mrs. Bradshaw's and with limited exceptions, the findings of fact and conclusions of law are identical.

Mrs. Farquar delivered a child on April 28, 1976, and was disabled for 15 days commencing on the date of delivery. On October 1, 1975, she submitted to the assistant superintendent the district's form of "maternity leave" request. On April 5, 1976, before any action by the district, Mrs. Farquar amended her leave request to ask for her earned sick leave benefits. She also requested advice as to any further steps she should take in initiating payment of her sick leave.

On April 6, 1976, the district granted Mrs. Farquar an unpaid maternity leave. On April 23, 1976, the assistant superintendent advised Mrs. Farquar of "apparent confusion regarding the legislation which went into effect on January 1, 1976, regarding maternity leaves" and further erroneously told Mrs. Farquar that "paid sick leave benefits can be applied to a maternity leave only if there is an illness or disability which results from the birth of the child."

## DISCUSSION

Section 44978 (formerly § 13468, Ed. Code) of the Education Code provides that every fulltime teacher shall earn "10 days' leave of absence for illness" with full pay for each school year of service. Further provision is made for leave for illness or injury with payment of partial salary after leave with full pay has been exhausted. (Ed. Code, §§ 44977, 44983.) On January 1, 1976, the Legislature expressly mandated school districts to provide teachers with the right to utilize paid sick leave benefits for maternity-related disability. Education Code section 44965 provided in part: "The governing board of any school district *shall* provide for leave of absence from duty for any certificated employee of the district who is required to be absent from duties because of pregnancy, miscarriage, childbirth, and recovery therefrom." (Italics added.) And in addition, the following language was added to section 44978 (by Stats. 1975, ch. 914, § 2, effective date Jan. 1, 1976): "Any employee *shall* have the right to utilize sick leave provided for in this section and the benefit provided by

Section 44977 [formerly § 13467] for absences necessitated by pregnancy, miscarriage, childbirth and recovery therefrom." (Italics added.)

Moreover, the Legislature has cautioned the governing boards of school districts against "depriv[ing] any employee of any leave of absence to which he is entitled by law." (Ed. Code, § 44963.)

■ The Board contends Bradshaw and Farquar "elected" to take "voluntary unpaid leaves of absence" and therefore knowingly gave up this option to receive earned sick leave payment. This conclusion is totally contrary to the evidence and finding of the trial court. The official district policy as expressed in its documents stated that maternity leave "shall be without pay." Further, the district prepared maternity leave forms that contained no hint that paid sick leave benefits were available for a maternity-related disability. In fact the assistant superintendent who received the original request did not know of any district teachers who had ever utilized sick leave for this purpose, even for hospitalization due to childbirth. She was not aware of the change in the legislation until after its effective date. Further, the assistant superintendent had improperly advised Bradshaw the previous year that sick leave benefits were not applicable to maternity leave and admitted as late as April 1977 she was in confusion regarding the change in legislation. Thus substantial evidence supports the trial court's finding that during the entire time periods neither Mrs. Bradshaw nor Mrs. Farquar knew or had reason to know that they were entitled to utilize earned sick leave for maternity-related disability and their lack of knowledge was due to material acts and omissions upon the part of the district.

Further ample evidence supports the conclusion that both teachers requested payment of earned sick leave immediately upon discovering that it might be available for maternity-related disability. Thus, upon this factual basis, the trial court determined both teachers should be relieved of any consequence of originally failing to request these sick leave benefits, ordered the district to provide such benefits to those actually earned or accumulated, limited of course to the actual period of physical disability.

The law has provided public school teachers of California with the right to receive payments of salary, to the extent earned, for periods of illness, including maternity-related disability. Thus, neither teacher here is requesting more than she is entitled to by law. Each teacher here seeks only her vested, accumulated sick leave benefits limited to that period of

her actual disability. Thus the relief here granted by the court is not a penalty in any respect. Utilization of earned sick leave benefits at this time means that sick leave for future illness will depend upon additional sick leave accrued at such future time.

Further, the district not only has failed to advise the teachers of their legal rights and options, but improperly advised them, both orally and in writing, that paid leave was not available for maternity leave. The trial court confronted a dereliction of duty on the part of the district that was not merely passive. This malfunction was not rectified until January 1977, when the district's policies were updated to conform to law.

Since January 1, 1976, the district had a legal duty to pay the sick leave benefits for maternity-related disabilities. The district seeks to avoid a duty upon the basis that the teachers had voluntarily elected to take unpaid leaves. Ample facts support the trial court's determination that such election was based upon misrepresentation; waiver of a statutory right cannot rest on such facts. We conclude: Both law and equity require the judgments be affirmed.

The judgments are affirmed.

Brown (Gerald), P. J., and Cologne, J., concurred.